IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALFRED DAVIS, | ) | Civil Action No. 7:13-cv-00604 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NORMAN MOON, <u>et al.</u>, | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

Alfred Davis, a federal inmate proceeding <u>pro se</u>, filed a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Davis names as defendants the Honorable Norman K. Moon, a United States District Judge of this court, and Linda Sanders, the Warden of Davis's federal correctional facility in Missouri. Davis claims someone implanted an "anthemia device" in his head and also confusingly describes something about hundreds of dead women and children and how someone is consuming Davis's dead children's blood and flesh. The only mentions of Judge Moon are that he did not know about Davis's "anthemia device" or "pawn broker military history" and that Judge Moon committed double jeopardy by sentencing him in <u>United States v. Davis</u>, No. 6:08-cr-000017-1 (W.D. Va. Apr. 8, 2009). Although Davis mentions the names of nurses and correctional officers at an unidentified correctional facility, he does not describe any act or omission by Warden Sanders. Davis asks to be released from custody or to be appointed counsel.

Clearly, this action must be dismissed without prejudice as frivolous. First, Davis cannot request a quicker release from custody via <u>Bivens</u> but must instead pursue a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, or a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. <u>See, e.g.</u>, <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-88 (1994)

(stating that a civil rights action that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Second, the Complaint alleges facts that are patently fanciful and baseless. See, e.g., Neitzke v. Williams, 490 U.S. 319, 327 (1989). Third, Judge Moon is immune from suit for actions taken while serving in his capacity as a federal judge. See, e.g., Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). Fourth, Davis does not allege any fact relevant to Warden Sanders because, even if the nurses and officers worked in her facility, respondeat superior is not applicable to a Bivens suit. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Accordingly, this action is dismissed without prejudice as frivolous, and Davis's request for counsel is moot.

Entered: February 24, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge